# EXHIBIT B



U.S. DISTRICT COURT
JOHN M. DOMURAD, CLERK

NOV 1 4 2024

RECEIVED

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>    Plaintiff,<br><br>      v.<br><br>EMPIRE HOLDINGS GROUP LLC, also d/b/a ECOMMERCE EMPIRE BUILDERS and STOREFUNNELS.NET a limited liability company; and<br><br>PETER PRUSINOWSKI, aka PETER PRU, individually and as an officer of Empire Holdings Group LLC,<br><br>    Defendants. | Case No. 1:24-mc-27 (LEK/CFH)<br><br>**STIPULATED<br>PRELIMINARY INJUNCTION** |

This matter comes before the Court upon the stipulation of all parties, including Plaintiff, the Federal Trade Commission ("FTC"), and defendants Empire Holdings Group, LLC, dba Ecommerce Empire Builders and Storefunnels.net, and Peter Prusinowski, aka Peter Pru (collectively, "Defendants") for the entry of a stipulated preliminary injunction as to all Defendants.

WHEREAS, on September 18, 2024, Plaintiff, the FTC, filed its Complaint for Permanent Injunction, Monetary Judgment, and Other Relief (Document No. 1) pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b), 57b; the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" ("Business Opportunity Rule"), 16 C.F.R. Part 437, as amended; and the Consumer Review Fairness Act of 2016 ("CRFA"), 15 U.S.C. § 45b, and moved, pursuant to Fed. R. Civ. P. 65(b), for a temporary restraining order, asset freeze, other

1

equitable relief, and order to show cause why a preliminary injunction should not issue against Defendants (Document No. 19).

WHEREAS, on September 20, 2024, after a hearing, the Court entered a Temporary Restraining Order against Defendants that includes an injunction, asset freeze, and appointment of a temporary receiver over the Receivership Entities (as defined below). (Document No. 19). Each of the above-named Defendants has been properly served with a summons, the Complaint, and the Temporary Restraining Order, and Plaintiff and Defendants stipulate to the entry of this Stipulated Preliminary Injunction.

WHEREAS, Plaintiff and Defendants negotiated and reached a stipulation as to the form of such a Preliminary Injunction.

**THEREFORE, IT IS STIPULATED AND ORDERED** as follows:

### FINDINGS OF FACT

The Court, having considered the Complaint, the Motion for a Temporary Restraining Order, declarations, exhibits, and the memorandum of points and authorities filed in support thereof, and being otherwise advised, finds that:

A.      This Court has jurisdiction over the subject matter of this case, and there is good cause to believe that it will have jurisdiction over all parties hereto and that venue in this District is proper.

B.      In numerous instances, Defendants, in the advertising, marketing, and selling of their self-study programs and business opportunities (Defendants' Products and Services), with Plaintiff alleging they have violated the FTC Act and rules governing their conduct. Specifically, Defendants have (1) made false, misleading, or unsubstantiated earnings claims, (2) violated multiple trade regulation rule provisions in selling Defendants' Products and Services, and (3)

2

violated the law by using non-disparagement clauses to discourage purchasers from publishing truthful reviews about Defendants and Defendants' Products and Services.

      C.      There is good cause based on Plaintiff's allegations to believe that Defendants have engaged in and are likely to engage in acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a); the FTC's Trade Regulation Rule entitled "Disclosure Requirements and Prohibitions Concerning Business Opportunities" ("Business Opportunity Rule" or "Rule"), 16 C.F.R. Part 437, as amended; and the Consumer Review Fairness Act ("CRFA"), 15 U.S.C. § 45b, and the Plaintiff is therefore likely to prevail on the merits of this action. As demonstrated by the evidence contained in the FTC's exhibits, the FTC established a likelihood of success in showing that Defendants have made false, misleading, or unsubstantiated statements; engaged in other unfair or deceptive acts or practices in the advertising, marketing, and sale of Defendants' Products and Services; and violated the Business Opportunity Rule and CRFA.

      D.      There is good cause to believe that Defendants have taken at least $14 million from consumers in connection with their unlawful practices.

      E.      There is good cause to believe that immediate and irreparable harm will result from Defendants' ongoing violations of the FTC Act, the Business Opportunity Rule, and the CRFA unless Defendants are restrained and enjoined by order of this Court.

      F.      There is good cause to believe that immediate and irreparable damage to the Court's ability to grant effective final relief for consumers—including monetary restitution, rescission, or refunds—will occur from the sale, transfer, destruction, or other disposition or concealment by Defendants of their assets or records, unless Defendants are immediately restrained and enjoined by order of this Court.

      G.      Good cause exists for continuing the appointment of the Receiver, Kevin Dooley

Kent, over the Receivership Entities, continuing the freeze on Defendants' Assets, permitting

Plaintiff and the Receiver immediate access to the Defendants' business premises, permitting

Plaintiff and the Receiver to take expedited discovery, and the other ancillary relief set forth in

this Order.

   H.  Weighing the equities and considering Plaintiff's likelihood of ultimate success

on the merits, a preliminary injunction with an asset freeze, the continued receivership, expedited

discovery, and other equitable relief is in the public interest.

   I.  This Court has authority to issue this Order pursuant to Sections 13(b) and 19 of

the FTC Act, 15 U.S.C. § 53(b); Fed. R. Civ. P. 65; and the All Writs Act, 28 U.S.C. § 1651.

   J.  The FTC is an independent agency of the United States, and no security is

required of any agency of the United States for issuance of a preliminary injunction. Fed. R. Civ.

P. 65(c).

   K.  Nothing in this Stipulated Preliminary Injunction prohibits or precludes

Defendants from raising any defenses, and this Order is not a waiver by Defendants of any

outstanding motions or defenses they may raise during the pendency of this action.

## DEFINITIONS

   For the purpose of this Order, the following definitions apply:

   A.  **"Asset"** means any legal or equitable interest in, right to, or claim to, any

property, wherever located and by whomever held.

   B.  **"Corporate Defendant"** means EMPIRE HOLDINGS GROUP, LLC, d/b/a

Ecommerce Empire Builders and Storefunnels.net; and each of its subsidiaries, affiliates,

successors, and assigns.

4

C.    **"Defendants"** means the Corporate Defendant and the Individual Defendant, individually, collectively, or in any combination.

D.    **"Document"** is synonymous in meaning and equal in scope to the usage of "document" and "electronically stored information" in Federal Rule of Civil Procedure 34(a), Fed. R. Civ. P. 34(a), and includes writings, drawings, graphs, charts, photographs, sound and video recordings, images, Internet sites, web pages, websites, electronic correspondence, including e-mail and instant messages, contract, accounting data, advertisements, FTP Logs, Server Access Logs, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, computer records, customer or sales databases and any other electronically stored information, including Documents located on remote servers or cloud computing systems, and other data or data compilations from which information can be obtained directly or, if necessary, after translation into a reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

E.    **"Earnings Claim(s)"** means any oral, written, or visual representation to a prospective purchaser that conveys, expressly or by implication, a specific level or range of actual or potential sales, or gross or net income or profits. Earnings Claims include but are not limited to: (1) any chart, table, or mathematical calculation that demonstrates possible results based upon a combination of variables; and (2) any statements from which a prospective purchaser can reasonably infer that he or she will earn a minimum level of income.

F.    **"Electronic Data Host"** means any person or entity in the business of storing, hosting or otherwise maintaining electronically stored information. This includes, but is not

limited to, any entity hosting a website or server, and any entity providing "cloud based" electronic storage.

      G.      **"Individual Defendant"** means PETER PRUSINOWKSI, aka Peter Pru.

      H.      **"Receiver"** means the receiver appointed in Section XI of this Order and any deputy receivers that shall be named by the receiver.

      I.      **"Receivership Entities"** means Corporate Defendant as well as any other entity that has conducted any business related to the advertising, marketing, and sale of Defendants' Products and Services, including receipt of Assets derived from any activity that is the subject of the Complaint in this matter, and that the Receiver determines is controlled or owned by any Defendant, including but not limited to the entities Star Active Sports LLC, Empire Partner Network LLC, Atlas Fund Limited Partnership, Atlas Fund Trust, and Atlas Fund Land Trust.

## ORDER

### I.      PROHIBITED BUSINESS ACTIVITIES

      **IT IS THEREFORE ORDERED** that Defendants, Defendants' officer, agents, employees, and attorneys, and all other persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, in connection with the advertising, marketing, promoting, or offering for sale of any goods or services, are restrained and enjoined from:

      A.      Making any Earnings Claims to a prospective purchaser, unless the Earnings Claim is non-misleading and, at the time the Earnings Claims is made, Defendants (1) have a reasonable basis for the claim; (2) have in their possession written materials that substantiate the claimed earnings; and (3) make the written substantiation for Earnings Claims available upon request to the consumer, potential purchaser or investor, the Receiver, and the FTC;

B.      Failing to provide any consumer, potential purchaser, or investor with disclosure documents in the form and manner required by 16 C.F.R. §§ 437.2, 437.3(a)(1)-(5), and 437.4;

C.      Misrepresenting or assisting others in misrepresenting, expressly or by implication, that Defendants' Products and Services will allow purchasers to earn a specific level or range of actual or potential sales, or gross or net income or profits, revenues, financial gains, percentage gains, or return on investment with little to no effort on their part;

D.      Misrepresenting or assisting others in misrepresenting, expressly or by implication, that Defendants' Products and Services will use artificial intelligence to maximize revenues;

E.      Misrepresenting or assisting others in misrepresenting, expressly or by implication, any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics; and

F.      Prohibiting or restricting any consumer, potential purchaser, or investor from communicating reviews, performance assessments, and similar analyses about Defendants' Products and Services, or the conduct of Defendants; or that impose a penalty or fee against any consumer, potential purchaser, or investor who engages in such communications.

## II.      PROHIBITION ON RELEASE OF CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained and enjoined from:

A.      Selling, renting, leasing, transferring, or otherwise disclosing, the name, address,

birth date, telephone number, email address, credit card number, bank account number, Social

Security number, or other financial or identifying information of any person that any Defendant

obtained in connection with any activity that pertains to the subject matter of this Order; and

B.      Benefitting from or using the name, address, birth date, telephone number, email

address, credit card number, bank account number, Social Security number, or other financial or

identifying information of any person that any Defendant obtained in connection with any

activity that pertains to the subject matter of this Order.

Provided, however, that Defendants may disclose such identifying information to a law

enforcement agency; to their attorneys as required for their defense; as required by any law,

regulation, or court order; or in any filings, pleadings, or discovery in this action in the manner

required by the Federal Rules of Civil Procedure and by any protective order in the case.

## III.    ASSET FREEZE

**IT IS FURTHER ORDERED** that Defendants and their officers, agents, employees,

and attorneys, and all other persons in active convert or participation with any of them, who

receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained

and enjoined from:

A.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling,

concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a

lien or security interest or other interest in, or otherwise disposing of any Assets that are:

1.  owned or controlled, directly or indirectly, by any Defendant;

2.  held, in part or in whole, for the benefit of any Defendant;

3.  in the actual or constructive possession of any Defendant; or

8

4. owned or controlled by, in the actual or constructive possession of, or otherwise held for the benefit of, any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed, or controlled by any Defendant.

B. Opening or causing to be opened any safe deposit boxes, commercial mailboxes, or storage facilities titled in the name of any Defendant, or subject to access by any Defendant, except as necessary to comply with written requests from the receiver acting pursuant to its authority under this Order;

C. Incurring charges or cash advances on any credit, debit, or ATM card issued in the name, individually or jointly, of the Corporate Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant or of which any Defendant is an officer, director, member, or manager. This includes any corporate bankcard or corporate credit card account for which any Defendant is, or was on the date that his Order was signed, an authorized signor; or

D. Cashing any checks or depositing any money orders or cash received from consumers, clients, or customers of any Defendant.

The Assets affected by this Section shall include: (1) all Assets of Defendants as of the time this Order is entered; and (2) Assets obtained by Defendants after this Order is entered if those Assets are derived from any activity that is the subject of the Complaint in this matter or that is prohibited by this Order. This Section does not prohibit any transfers to the Receiver or repatriation of foreign assets specifically required by this order.

## IV. RELEASE OF LIVING EXPENSES TO DEFENDANT PETER PRUSINOWSKI

**IT IS FURTHER ORDERED that,**

1) Defense Counsel Gordon Rees Scully Mansukhani, LLP ("GRSM") will transfer $18,642 currently frozen in Defendants' GRSM client trust account to the Receiver within three (3) business days of the entry of this Order.

2) Defendant Prusinowski is hereby authorized to access up to $30,000 in funds (the "Unfrozen funds") held by GRSM in its client trust account for personal expenses as set forth in his Personal Financial Disclosure submitted to Plaintiff FTC on September 25, 2024 ("Permissible Uses").

3) Once the Unfrozen Funds are transferred and expended by Prusinowski for the Permissible Uses, Prusinowski's counsel shall file a notice of compliance showing the receipt of the Unfrozen Funds and that the funds were allocated for Permissible Uses.

4) The remaining balance of $120,000 held by GRSM in its client trust account for future legal fees, pursuant to the Court's Order of November 4, 2024 (Doc. No. 43), may be transferred to a client trust account at Guardian Law, LLC to assist in the Defendants' defense.

## V. DUTIES OF ASSET HOLDERS AND OTHER THIRD PARTIES

**IT IS FURTHER ORDERED** that any financial or brokerage institution, Electronic Data Host, credit card processor, payment processor, merchant bank, acquiring bank, independent sales organization, third party processor, payment gateway, insurance company, business entity, or person who receives actual notice of this Order (by service or otherwise) that:

(a) has held, controlled, or maintained custody, through an account or otherwise, of any Document on behalf of any Defendant or any Asset that has been owned or controlled, directly

10

or indirectly, by any Defendant; held, in part or in whole, for the benefit of any Defendant; in the

actual or constructive possession of any Defendant or owned or controlled by, in the actual or

constructive possession of, or otherwise held for the benefit of, any corporation, partnership,

asset protection trust, or other entity that is directly or indirectly owned, managed or controlled

by any Defendant;

(b) has held, controlled, or maintained custody, through an account or otherwise, of any

Document or Asset associated with credits, debits, or charges made on behalf of any Defendant,

including reserve funds held by payment processors, credit card processors, merchant banks,

acquiring banks, independent sales organizations, third party processors, payment gateways,

insurance companies, or other entities; or

(c) has extended credit to any Defendant, including through a credit card account, shall:

A.      Hold, preserve, and retain within its control and prohibit the withdrawal, removal,

alteration, assignment, transfer, pledge, encumbrance, disbursement, dissipation, relinquishment,

conversion, sale, or other disposal of any such Document or Asset, as well as all Documents or

other property related to such Assets, except by further order of this Court; provided, however,

that this provision does not prohibit Individual Defendant from incurring charges on a personal

credit card established prior to entry of this Order, up to the pre-existing credit limit;

B.      Deny any person, except the Receiver, access to any safe deposit box, commercial

mailbox, or storage facility that is titled in the name of any Defendant, either individually or

jointly, or otherwise subject to access by any Defendant;

C.      Provide Plaintiff's counsel and the Receiver, within three (3) days of receiving a

copy of this Order, a sworn statement setting forth, for each Asset or account covered by this

Section:

11

1. The identification number of each such account or Asset;

2. The balance of each such account, or a description of the nature and value of each such Asset as of the close of business on the day on which this Order is served, and, if the account or other Asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other Asset was remitted; and

3. The identification of any safe deposit box, commercial mailbox, or storage facility that is either titled in the name, individually or jointly, of any Defendant, or is otherwise subject to access by any Defendant; and

   D.    Upon the request of Plaintiff's counsel or the Receiver, promptly provide Plaintiff's counsel and the Receiver with copies of all records or other Documents pertaining to any account or Asset covered by this Section, including originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, including wire transfers and wire transfer instructions, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and all logs and records pertaining to safe deposit boxes, commercial mailboxes, and storage facilities. Provided, however, that this Section does not prohibit any transfers to the Receiver or repatriation of foreign Assets specifically required by this order.

## VI. FINANCIAL DISCLOSURES

**IT IS FURTHER ORDERED** that each Defendant, to the extent they have not already done so in compliance with the TRO previously issued in this matter (Document No. 19), within seven (7) days of service of this Order upon them, shall prepare and deliver to Plaintiff's counsel and the Receiver:

A.      completed financial statements on the forms attached to this Order as **Attachment A** (Financial Statement of Individual Defendant) for the Individual Defendant, and **Attachment B** (Financial Statement of Corporate Defendant) for the Corporate Defendant; and

B.      completed **Attachment C** (IRS Form 4506, Request for Copy of a Tax Return) for both the Individual Defendant and the Corporate Defendant.

## VII. FOREIGN ASSET REPATRIATION

**IT IS FURTHER ORDERED** that to the extent they have not already done so in compliance with the TRO previously issued in this matter (Document No. 19), within five (5) days following the service of this Order, each Defendant shall:

A.      Provide Plaintiff's counsel and the Receiver with a full accounting, verified under oath and accurate as of the date of this Order, of all Assets, Documents, and accounts outside of the United State which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant, or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned, managed or controlled by any Defendant; or (3) under the direct or indirect control, whether jointly or singly, of any Defendant;

B.      Take all steps necessary to provide Plaintiff's counsel and Receiver access to all Documents and records that may be held by third parties located outside of the territorial United States of America, including signing the Consent to Release of Financial Records appended to this Order as **Attachment D**;

C.      Transfer to the territory of the United States all Documents and Assets located in foreign countries which are: (1) titled in the name, individually or jointly, of any Defendant; (2) held by any person or entity for the benefit of any Defendant, or for the benefit of any corporation, partnership, asset protection trust, or other entity that is directly or indirectly owned,

13

managed or controlled by any Defendant; or (3) under the direct or indirect control, whether

jointly or singly, of any Defendant; and

D.      The same business day as any repatriation, (1) notify the Receiver and counsel for

Plaintiff of the name and location of the financial institution or other entity that is the recipient of

such Documents or Assets; and (2) serve this Order on any such financial institution or other

entity.

## VIII. NON-INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees,

and attorneys, and all other persons in active concert or participation with any of them, who

receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained

and enjoined from taking any action, directly or indirectly, which may result in the encumbrance

or dissipation of foreign Assets, or in the hindrance of the repatriation required by this Order,

including, but not limited to:

A.      Sending any communication or engaging in any other act, directly or indirectly,

that results in a determination by a foreign trustee or other entity that a "duress" event has

occurred under the terms of a foreign trust agreement until such time that all Defendants' Assets

have been fully repatriated pursuant to this Order; or

B.      Notifying any trustee, protector, or other agent of any foreign trust or other related

entities of either the existence of this Order, or of the fact that repatriation is required pursuant to

a court order, until such time that all Defendants' Assets have been fully repatriated pursuant to

this Order.

## IX. CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that Plaintiff may obtain credit reports concerning the

Individual Defendant pursuant to Section 604(a)(1) of the Fair Credit Reporting Act, 15 U.S.C. §

1681(a)(1), and that, upon written request, any credit reporting agency from which such reports

are requested shall provide them to Plaintiff.

## X. PRESERVATION OF RECORDS

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees,

and attorneys and all other persons in active concert or participation with any of them, who

receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained

and enjoined from:

A.    Destroying, erasing, falsifying, writing over, mutilating, concealing, altering,

transferring, or otherwise disposing of, in any manner, directly or indirectly, Documents that

relate to: (1) the business, business practices, Assets, or business or personal finances of any

Defendant; (2) the business practices or finances of entities directly or indirectly under the

control of any Defendant; or (3) the business practices or finances of entities directly or

indirectly under common control with any other Defendant; and

B.    Failing to create and maintain Documents that, in reasonable detail, accurately,

fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of

Defendants' Assets.

## XI. REPORT OF NEW BUSINESS ACTIVITY

**IT IS FURTHER ORDERED** that Defendants, Defendants' officers, agents, employees,

and attorneys, and all other persons in active concert or participation with any of them, who

receive actual notice of this Order, whether acting directly or indirectly, are hereby restrained

and enjoined from creating, operating, or exercising any control over any business entity,

whether newly formed or previously inactive, including any partnership, limited partnership,

joint venture, sole proprietorship, or corporation, without first providing Plaintiff's counsel and

the Receiver with a written statement disclosing: (1) the name of the business entity; (2) the

address and telephone number of the business entity; (3) the names of the business entity's

officers, directors, principals, managers, and employees; and (4) a detailed description of the

business entity's intended activities.

## XII. APPOINTMENT OF RECEIVER

**IT IS FURTHER ORDERED** that Kevin Dooley Kent is appointed as receiver of the

Receivership Entities with full powers of an equity receiver. The Receiver shall be solely the

agent of this Court in acting as Receiver under this Order.

## XIII. DUTIES AND AUTHORITY OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver is directed and authorized to

accomplish the following:

A.     Assume full control of Receivership Entities by removing, as the Receiver deems

necessary or advisable, any director, officer, independent contractor, employee, attorney, or

agent of any Receivership Entity from control of, management of, or participation in, the affairs

of the Receivership Entity;

B.     Take exclusive custody, control, and possession of all Assets and Documents of,

or in the possession, custody, or under the control of, any Receivership Entity, wherever situated;

C.     Take exclusive custody, control, and possession of all Documents or Assets

associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever

situated, including reserve funds held by payment processors, credit card processors, merchant

banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

D.      Conserve, hold, manage, and prevent the loss of all Assets of the Receivership Entities, and perform all acts necessary or advisable to preserve the value of those Assets. The Receiver shall assume control over the income and profits therefrom and all sums of money now or hereafter due or owing to the Receivership Entities. The Receiver shall have full power to sue for, collect, and receive, all Assets of the Receivership Entities and of other persons or entities whose interests are now under the direction, possession, custody, or control of the Receivership Entities. Provided, however, that the Receiver shall not attempt to collect any amount from a consumer if the Receiver believes the consumer's debt to the Receivership Entities has resulted from the deceptive acts or practices or other violations of law alleged in the Complaint in this matter, without prior Court approval;

E.      Obtain, conserve, hold, manage, and prevent the loss of all Documents of the Receivership Entities, and perform all acts necessary or advisable to preserve such Documents. The Receiver shall: divert mail; preserve all Documents of the Receivership Entities that are accessible via electronic means (such as online access to financial accounts and access to electronic documents held onsite or by Electronic Data Hosts, by changing usernames, passwords, or other log-in credentials; take possession of all electronic Documents of the Receivership Entities stored onsite or remotely; take whatever steps necessary to preserve all such Documents; and obtain the assistance of the FTC's Digital Forensic Unit for the purpose of obtaining electronic documents stored onsite or remotely.

F.    Choose, engage, and employ attorneys, accountants, appraisers, and other independent contractors and technical specialists, as the Receiver deems advisable or necessary in the performance of duties and responsibilities under the authority granted by this Order;

G.    Make payments and disbursements from the receivership estate that are necessary or advisable for carrying out the directions of, or exercising the authority granted by, this Order, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his duties as Receiver. The Receiver shall apply to the Court for prior approval of any payment of any debt or obligation incurred by the Receivership Entities prior to the date of entry of this Order, except payments that the Receiver deems necessary or advisable to secure Assets of the Receivership Entities, such as rental payments;

H.    Take all steps necessary to secure and take exclusive custody of each location from which the Receivership Entities operate their businesses. Such steps may include, but are not limited to, any of the following, as the Receiver deems necessary or advisable: (1) securing the location by changing the locks and alarm codes and disconnecting any internet access or other means of access to the computers, servers, internal networks, or other records maintained at that location; and (2) requiring any persons present at the location to leave the premises, to provide the Receiver with proof of identification, and/or to demonstrate to the satisfaction of the Receiver that such persons are not removing from the premises Documents or Assets of the Receivership Entities. Law enforcement personnel, including, but not limited to, police or sheriffs, may assist the Receiver in implementing these provisions in order to keep the peace and maintain security. If requested by the Receiver, the United States Marshal will provide appropriate and necessary assistance to the Receiver to implement this Order and is authorized to use any necessary and reasonable force to do so;

I.      Take all steps necessary to prevent the modification, destruction, or erasure of any web page or website registered to and operated, in whole or in part, by any Defendants, and to provide access to all such web pages or websites to Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives;

J.      Enter into and cancel contracts and purchase insurance as advisable or necessary;

K.      Prevent the inequitable distribution of Assets and determine, adjust, and protect the interests of consumers who have transacted business with the Receivership Entities;

L.      Make an accounting, as soon as practicable, of the Assets and financial condition of the receivership and file the accounting with the Court and deliver copies thereof to all parties;

M.      Institute, compromise, adjust, appear in, intervene in, defend, dispose of, or otherwise become party to any legal action in state, federal, or foreign courts or arbitration proceedings as the Receiver deems necessary and advisable to preserve or recover the Assets of the Receivership Entities, or to carry out the Receiver's mandate under this Order, including but not limited to, actions challenging fraudulent or voidable transfers;

N.      Issue subpoenas to obtain Documents and records pertaining to the Receivership, and conduct discovery in this action on behalf of the receivership estate, in addition to obtaining other discovery as set forth in this Order;

O.      Open one or more bank accounts at designated depositories for funds of the Receivership Entities. The Receiver shall deposit all funds of the Receivership Entities in such designated accounts and shall make all payments and disbursements from the receivership estate from such accounts. The Receiver shall serve copies of monthly account statements on all parties;

P.      Maintain accurate records of all receipts and expenditures incurred as Receiver;

19

Q.    Allow Plaintiff's representatives, agents, and assistants, as well as Defendants' representatives and Defendants themselves, reasonable access to the premises of the Receivership Entities, or any other premises where the Receivership Entities conduct business. The purpose of this access shall be to inspect and copy any and all books, records, Documents, accounts, and other property owned by, or in the possession of, the Receivership Entities or their agents. The Receiver shall have the discretion to determine the time, manner, and reasonable conditions of such access;

R.    Allow Plaintiff's representatives, agents, and assistants, as well as Defendants and their representatives, reasonable access to all Documents in the possession, custody, or control of the Receivership Entities;

S.    Cooperate with reasonable requests for information or assistance from any state or federal civil or criminal law enforcement agency;

T.    Suspend business operations of the Receivership Entities if in the judgment of the Receiver such operations cannot be continued legally and profitably;

U.    If the Receiver identifies a nonparty entity as a Receivership Entity, promptly notify the entity as well as the parties, and inform the entity that it can challenge the Receiver's determination by filing a motion with the Court. Provided, however, that the Receiver may delay providing such notice until the Receiver has established control of the nonparty entity and its assets and records, if the Receiver determines that notice to the entity or the parties before the Receiver establishes control over the entity may result in the destruction of records, dissipation of assets, or any other obstruction of the Receiver's control of the entity; and

V.    If in the Receiver's judgment the business operations cannot be continued legally and profitably, take all steps necessary to ensure that any of the Receivership Entities' web pages

or websites relating to the activities alleged in the Complaint cannot be accessed by the public, or are modified for consumer education and/or informational purposes, and take all steps necessary to ensure that any telephone numbers associated with the Receivership Entities cannot be accessed by the public, or are answered solely to provide consumer education or information regarding the status of operations.

## XIV. TRANSFER OF RECEIVERSHIP PROPERTY TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants and any other person with possession, custody, or control of property of, or records relating to, the Receivership Entities shall, upon notice of this Order by personal service or otherwise, fully cooperate with and assist the Receiver in taking and maintaining possession, custody, or control of the Assets and Documents of the Receivership Entities and immediately transfer or deliver to the Receiver possession, custody, and control of, the following:

A.    All Assets held by or for the benefit of the Receivership Entities;

B.    All Documents or Assets associated with credits, debits, or charges made on behalf of any Receivership Entity, wherever situated, including reserve funds held by payment processors, credit card processors, merchant banks, acquiring banks, independent sales organizations, third party processors, payment gateways, insurance companies, or other entities;

C.    All Documents of or pertaining to the Receivership Entities;

D.    All computers, electronic devices, mobile devices, and machines used to conduct the business of the Receivership Entities;

E.    All Assets and Documents belonging to other persons or entities whose interests are under the direction, possession, custody, or control of the Receivership Entities; and

F.      All keys, codes, usernames, and passwords necessary to gain or to secure access to any Assets or Documents of or pertaining to the Receivership Entities, including access to their business premises, means of communication, accounts, computer systems (onsite and remote), Electronic Data Hosts, or other property.

G.      In the event that any person or entity fails to deliver or transfer any Asset or Document, or otherwise fails to comply with any provision of this Section, the Receiver may file an Affidavit of Non-Compliance regarding the failure and a motion seeking compliance or a contempt citation.

## XV. PROVISION OF INFORMATION TO RECEIVER

**IT IS FURTHER ORDERED** that Defendants, to the extent they have not already done so in compliance with the TRO previously issued in this matter (Document No. 19), shall immediately provide to the Receiver:

A.      A list of all Assets and accounts of the Receivership Entities that are held in any name other than the name of a Receivership Entity, or by any person or entity other than a Receivership Entity;

B.      A list of all agents, employees, officers, attorneys, servants, and those persons in active concert and participation with the Receivership Entities, or who have been associated or done business with the Receivership Entities; and

C.      A description of any documents covered by attorney-client privilege or attorney work product, including files where such documents are likely to be located, authors or recipients of such documents, and search terms likely to identify such electronic documents.

## XVI. COOPERATION WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or

Receivership Entities' officers, agents, employees, and attorneys; all other persons in active

concert or participation with any of them; and any other person with possession, custody, or

control of property of or records relating to the Receivership Entities who receive actual notice

of this Order shall fully cooperate with and assist the Receiver. This cooperation and assistance

shall include, but is not limited to, providing information to the Receiver that the Receiver deems

necessary to exercise the authority and discharge the responsibilities of the Receiver under this

Order; providing any keys, codes, user names, and passwords required to access any computers,

electronic devices, mobile devices, and machines (onsite or remotely) and any cloud account

(including specific method to access account) or electronic file in any medium; advising all

persons who owe money to any Receivership Entity that all debts should be paid directly to the

Receiver; and transferring funds at the Receiver's direction and producing records related to the

Assets and sales of the Receivership Entities.

## XVII. NON-INTERFERENCE WITH THE RECEIVER

**IT IS FURTHER ORDERED** that Defendants; Receivership Entities; Defendants' or

Receivership Entities' officers, agents, employees, attorneys; and all other persons in active

concert or participation with any of them, who receive actual notice of this Order, and any other

person served with a copy of this Order, are hereby restrained and enjoined from directly or

indirectly:

A.      Interfering with the Receiver's efforts to manage, or take custody, control, or

possession of, the Assets or Documents subject to the receivership;

B.      Transacting any of the business of the Receivership Entities;

C.      Transferring, receiving, altering, selling, encumbering, pledging, assigning, liquidating, or otherwise disposing of any Assets owned, controlled, or in the possession or custody of, or in which an interest is held or claimed by, the Receivership Entities; or

D.      Refusing to cooperate with the Receiver or the Receiver's duly authorized agents in the exercise of their duties or authority under any order of this Court.

## XVIII. STAY OF ACTIONS

**IT IS FURTHER ORDERED** that, except by leave of this Court, during the pendency of the receivership ordered herein, Defendants; Defendants' officers, agents, employees, attorneys; and all other persons in active concert or participation with any of them, who receive actual notice of this Order; and their corporations, subsidiaries, divisions, or affiliates; and all investors, creditors, stockholders, lessors, customers, and other persons seeking to establish or enforce any claim, right, or interest against or on behalf of Defendants, and all others acting for or on behalf of such persons, are hereby enjoined from taking action that would interfere with the exclusive jurisdiction of this Court over the Assets or Documents of the Receivership Entities, including, but not limited to:

A.      Filing or assisting in the filing of a petition for relief under the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, or of any similar insolvency proceeding on behalf of the Receivership Entities;

B.      Commencing, prosecuting, or continuing a judicial, administrative, or other action or proceeding against the Receivership Entities, including the issuance or employment of process against the Receivership Entities, except that such actions may be commenced if necessary to toll any applicable statute of limitations; or

24

C.      Filing or enforcing any lien on any asset of the Receivership Entities; taking or

attempting to take possession, custody, or control of any Asset of the Receivership Entities; or

attempting to foreclose, forfeit, alter, or terminate any interest in any Asset of the Receivership

Entities, whether such acts are part of a judicial proceeding, acts of self-help, or otherwise.

Provided, however, that this Order does not stay: (1) the commencement or continuation

of a criminal action or proceeding; (2) the commencement or continuation of an action or

proceeding by a governmental unit to enforce such governmental unit's police or regulatory

power; or (3) the enforcement of a judgment, other than a money judgment, obtained in an action

or proceeding by a governmental unit to enforce such governmental unit's police or regulatory

power.

## XIX. COMPENSATION OF RECEIVER

**IT IS FURTHER ORDERED** that the Receiver and all personnel hired by the Receiver

as herein authorized, including counsel to the Receiver and accountants, are entitled to

reasonable compensation for the performance of duties pursuant to this Order and for the cost of

actual out-of-pocket expenses incurred by them, from the Assets now held by, in the possession

or control of, or which may be received by, the Receivership Entities. The Receiver shall file

with the Court and serve on the parties periodic requests for the payment of such reasonable

compensation, with the first such request filed no more than sixty (60) days after the date of

entry of this Order. The Receiver shall not increase the hourly rates used as the bases for such fee

applications without prior approval of the Court.

## XX. IMMEDIATE PRODUCTION OF BUSINESS RECORDS

**IT IS FURTHER ORDERED** that that the Corporate Defendant shall allow the

Receiver and FTC's employees and agents access to the Corporate Defendant's business records

to inspect and copy Documents to identify and locate assets.

The Corporate Defendant shall, immediately upon receiving notice of this Order, to the extent they have not already done so in compliance with the TRO previously issued (Document No. 19), produce to the FTC for inspection, inventory, and copying, at a location designated by FTC, the following materials: (1) all customer information, including names, phone numbers, addresses, e-mail addresses, customer complaints, and payment information for all consumers who have purchased Corporate Defendant's business opportunities and coaching services; (2) all contracts, including settlement agreements with customers; (3) any correspondence, including electronic correspondence, that refers or relates to the Corporate Defendant's business opportunities and coaching services; (4) an electronic copy of all advertisements for the Corporate Defendant's business opportunities and coaching services; (5) all telephone and videoconferencing scripts used during the sales process; (6) all slide decks, sales projections, charts, and spreadsheets used during the sales process; (7) all Documents pertaining to Earnings Claims and other representations related to the marketing, advertising, promotion, offer for sale, or sale of Defendants' business opportunities and coaching services, including substantiation for any Earnings Claims; and (8) accounting information, including profit and loss statements, annual reports, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, and 1099 forms. The FTC shall return any materials produced pursuant to this Section within seven (7) days of the Corporate Defendant's production.

## XXI. IMMEDIATE ACCESS TO BUSINESS PREMISES AND RECORDS

**IT IS FURTHER ORDERED that:**

A.    In order to allow Plaintiff and the Receiver to preserve Assets and evidence relevant to this action and to expedite discovery, Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, shall have immediate access to any business premises and storage facilities, owned, controlled, or used by the Receivership Entities. Such locations include any offsite location or commercial mailbox used by the Receivership Entities. The Receiver may exclude Defendants, Receivership Entities, and their employees from the business premises during the immediate access.

B.    Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to remove Documents from the Receivership Entities' premises in order that they may be inspected, inventoried, and copied. Plaintiff shall return any removed materials to the Receiver within five (5) business days of completing inventorying and copying, or such time as is agreed upon by Plaintiff and the Receiver;

C.    Plaintiff's access to the Receivership Entities' documents pursuant to this Section shall not provide grounds for any Defendant to object to any subsequent request for documents served by Plaintiff.

D.    Plaintiff and the Receiver, and their representatives, agents, contractors, and assistants, are authorized to obtain the assistance of federal, state, and local law enforcement officers as they deem necessary to effect service and to implement peacefully the provisions of this Order;

E.    If any Documents, computers, or electronic storage devices containing information related to the business practices or finances of the Receivership Entities are at a

27

location other than those listed herein, including personal residence(s) of any Defendant, then,

immediately upon receiving notice of this order, Defendants and Receivership Entities shall

produce to the Receiver all such Documents, computers, and electronic storage devices, along

with any codes or passwords needed for access. In order to prevent the destruction of computer

data, upon service of this Order, any such computers or electronic storage devices shall be

powered down in the normal course of the operating system used on such devices and shall not

be powered up or used until produced for copying and inspection; and

      F.     If any communications or records of any Receivership Entity are stored with an

Electronic Data Host, such Receivership Entity shall, immediately upon receiving notice of this

order, provide the Receiver with the username, passwords, and any other login credential needed

to access the communications and records, and shall not attempt to access, or cause a third-party

to attempt to access, the communications or records.

## XXII. DISTRIBUTION OF ORDER BY DEFENDANTS

     **IT IS FURTHER ORDERED** that Defendants shall immediately provide a copy of this

Order to each affiliate, telemarketer, marketer, sales entity, successor, assign, member, officer,

director, employee, agent, independent contractor, client, attorney, spouse, subsidiary, division,

and representative of any Defendant, and shall, within ten (10) days from the date of entry of this

Order, provide Plaintiff and the Receiver with a sworn statement that this provision of the Order

has been satisfied, which statement shall include the names, physical addresses, phone number,

and email addresses of each such person or entity who received a copy of the Order.

Furthermore, Defendants shall not take any action that would encourage officers, agents,

members, directors, employees, salespersons, independent contractors, attorneys, subsidiaries,

affiliates, successors, assigns, or other persons or entities in active concert or participation with them to disregard this Order or believe that they are not bound by its provisions.

## XXIII. EXPEDITED DISCOVERY

**IT IS FURTHER ORDERED** that, notwithstanding the provisions of the Fed. R. Civ. P. 26(d) and (f) and 30(a)(2)(A)(iii), and pursuant to Fed. R. Civ. P. 30(a), 33, 34, and 45, Plaintiff and the Receiver are granted leave, within 60 days of issuance of this Order, to conduct limited expedited discovery for the purpose of discovering: (1) the nature, location, status, and extent of Defendants' Assets; (2) the nature, location, and extent of Defendants' business transactions and operations; (3) Documents reflecting Defendants' business transactions and operations; or (4) compliance with this Order. The limited expedited discovery set forth in this Section shall proceed as follows:

A.      Plaintiff and the Receiver may take the deposition of parties and non-parties. Forty-eight (48) hours' notice shall be sufficient notice for such depositions. The limitations and conditions set forth in Rules 30(a)(2)(A) and 31(a)(2)(A) of the Federal Rules of Civil Procedure regarding subsequent depositions of an individual shall not apply to depositions taken pursuant to this Section. Any such deposition taken pursuant to this Section shall not be counted towards the deposition limit set forth in Rules 30(a)(2)(A) and 31(a)(2)(A), and depositions may be taken by telephone or other remote electronic means;

B.      Plaintiff and the Receiver may serve upon parties requests for production of Documents or inspection that require production or inspection within five (5) days of service, provided, however, that three (3) days of notice shall be deemed sufficient for the production of any such Documents that are maintained or stored only in an electronic format.

C.      Plaintiff and the Receiver may serve upon parties interrogatories that require

response within five (5) days after Plaintiff serves such interrogatories;

D.      Plaintiff and the Receiver may serve subpoenas upon non-parties that direct

production or inspection within five (5) days of service;

E.      Service of discovery upon a party to this action, taken pursuant to this Section,

shall be sufficient if made by facsimile, email, or by overnight delivery.

F.      Any expedited discovery taken pursuant to this Section is in addition to, and is not

subject to, the limits on discovery set forth in the Federal Rules of Civil Procedure and the Local

Rules of this Court. The expedited discovery permitted by this Section does not require a

meeting or conference of the parties, pursuant to Rules 26(d) and (f) of the Federal Rules of Civil

Procedure.

## XXIV. SERVICE OF THIS ORDER

**IT IS FURTHER ORDERED** that copies of this Order as well as the Motion for

Temporary Restraining Order and all other pleadings, Documents, and exhibits filed

contemporaneously with that Motion (other than the complaint and summons), may be served by

any means, including facsimile transmission, email, or other electronic messaging, personal or

overnight delivery, U.S. Mail or FedEx, by agents and employees of Plaintiff, by any law

enforcement agency, or by private process server, upon any Defendant, or any person (including

any financial institution) that may have possession, custody, or control of any Asset or Document

of any Defendant, or that may be subject to any provision of this Order pursuant to Rule 65(d)(2)

of the Federal Rules of Civil Procedure. For purposes of this Section, service upon any branch,

subsidiary, affiliate, or office of any entity shall effect service upon the entire entity.

## XXVI. CORRESPONDENCE AND SERVICE ON PLAINTIFF

**IT IS FURTHER ORDERED** that, for the purpose of this Order, all correspondence

and service of pleadings on Plaintiff shall be addressed via email to Amanda Grier

(agrier@ftc.gov) and Ryan McAuliffe (rmcauliffe@ftc.gov).

## XXVII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court retains jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.

**SO STIPULATED AND AGREED:**

**FOR ALL DEFENDANTS:**

/s/ Shawn McBrearty                              Date: 11/7/2024
Greg Christiansen (*pro hac vice*)
Guardian Law
833 E. Pioneer Rd. Ste. 102
Draper, UT 84020
Tel. (844) 409-1122
greg@guardianlaw.com

Shawn McBrearty
Sidkoff, Pincus & Green, P.C.
1101 Market Street, Suite 2700
Philadelphia, PA 19107
Tel. (215) 574-0600
Fax: (215) 574-0310
smcbrearty@sidkoffpincusgreen.com

Clair E. Wischusen (Bar No. 306752)
Ryan M. Poteet (*pro hac vice*)
Stephan Freeland (*pro hac vice*)
Gordon Rees Scully Mansukhani, LLP
277 S. Washington Street, Suite 550
Alexandria, Virginia 22314
Tel. (202) 399-1009
Fax: (202) 800-2999
cwischusen@grsm.com
rpoteet@grsm.com
sfreeland@grsm.com

Counsel for Defendants
Empire Holdings Group LLC and
Peter Prusinowski

**FOR PLAINTIFF:**

/s/Amanda Grier                              Date: 11/7/2024
Amanda Grier (DC Bar No. 978573)
Ryan McAuliffe (MD Bar No. 2012170072)
Federal Trade Commission
600 Pennsylvania Avenue, NW, CC-8543
Washington, DC 20580
Tel. (202) 326-3745
Fax: (202) 326-3044
agrier@ftc.gov
rmcauliffe@ftc.gov
*Attorneys for Plaintiff*
*Federal Trade Commission*

**FOR RECEIVER:**

/s/ Robin S. Weiss                    Date: 11/7/2024
Robin S. Weiss, Esquire
Vanessa L. Huber, Esquire
Clark Hill PLC
Two Commerce Square
2001 Market Street, Suite 2620
Philadelphia, PA 19103
Tel. (215) 640-8500
Fax: (215) 640-8501
rsweiss@clarkhill.com
vhuber@clarkhill.com
*Attorneys for Receiver, Kevin Dooley Kent*


**SO ORDERED** this _8th_ day of _November_ , _2024_


/s/ Wendy Beetlestone
_____
WENDY BEETLESTONE, J.
UNITED STATES DISTRICT JUDGE